

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 2 6 2021

RICK WARREN
COURT CLERK
88_____

| | |
|---|---|
| MONICA POLLARD,<br><br>Plaintiff,<br><br>vs.<br><br>KATY EXPRESS INC., a foreign corporation,<br>LEANNET CAJIDE LOPEZ, and<br>GUERRA ZINCKE YOUSANY,<br><br>Defendants. | Case No. **CJ-2021-1806** |

**PETITION FOR DAMAGES**
**(PERSONAL INJURY)**

COMES NOW Plaintiff, Monica Pollard, and for her cause of action against the above-named defendants alleges and state as follows:

**PARTIES**

1. Plaintiff Monica Pollard is an Oklahoma County, Oklahoma citizen.

2. Defendant Katy Express Inc., (Katy) is and/or was doing business in the State of Oklahoma on the date of the subject crash and is/was a Texas Corporation with a principal place of business at 5546 Amelia Plantation Drive, Katy, TX 77449.

3. Defendant Guerra Zincke Yousany ("Yousany") is a Texas citizen over the age of 18 who was at all times described herein the agent, and employee acting within the scope of employment for Katy and/or Lopez.

4. Defendant Leannet Cajide Lopez ("Lopez") is a Texas citizen over the age of 18 who was at all times described herein the agent, owner/director and/or employee acting within the scope of employment for Katy and had the right to exercise control over Yousany.

{393812.DOC }

**EXHIBIT 1**

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 12 Okla. St. §2004.

6. This Court has personal jurisdiction over Defendants because they were conducting business in Oklahoma on the date of the crash.

7. Venue attaches in Oklahoma County pursuant to 12 O.S. § 141 because the collision and injuries which form the basis for this action occurred in Oklahoma County, State of Oklahoma.

## COMMON ALLEGATIONS FOR ALL COUNTS

8. On or about April 28, 2019, Yousany, in the course and scope of his employment for Katy and/or Lopez, was operating a tractor-trailer owned by and/or leased to Katy and/or Lopez on northbound I-235 in Oklahoma County, Oklahoma when Yousany failed to maintain control of his tractor-trailer, the Katy CMV, made an improper and unsafe lane change, and crashed into the vehicle being driven by Plaintiff. (Hereafter, the combination tractor-trailer operated by Defendant Yousany will be referred to as "Katy CMV").

9. As a direct and proximate result of the crash, plaintiff sustained severe injuries.

10. At all material times, Defendant Yousany was an employee of Defendants Katy and/or Lopez under 49 C.F.R. § 390.5.

11. At all material times, Defendant Yousany was an employee, servant, and/or agent of Defendants Katy and/or Lopez and Defendant Katy and/or Lopez had the right to exercise control of Defendant Yousany.

12. At all material times, Defendant Yousany was operating the Katy CMV within the course and scope of his employment or agency for Defendant Katy and/or Lopez.

13. At all material times, Defendant Yousany operated the Katy CMV with the knowledge, consent, and permission of Defendant Katy and/or Lopez.

14. At all material times, the Katy CMV was operated under the motor carrier authority of Defendant Katy and/or Lopez.

15. At all material times, Defendant Katy was a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations, which are codified within 49 C.F.R. Parts 390 *et seq.*

16. At all material times, the Katy CMV was a "commercial motor vehicle" under 49 C.F.R. § 390.5.

17. At all material times, Yousany and/or Lopez had complete control over who it would allow to operate the Katy CMV.

18. At all material times, Yousany and/or Lopez and/or Yousany had the right to exclusive possession, control, and use of the Katy CMV.

19. At all material times, Defendant Yousany operated the Katy CMV in furtherance of Yousany and/or Lopez's business and/or interests and was engaged in accomplishing a task for Yousany and/or Lopez.

20. At all material times, Defendants Katy and/or Lopez had the authority, right, and/or duty to control how Defendant Yousany performed his job.

21. The Federal Regulations referenced herein have been adopted, were and are enforced by the States of Oklahoma.

22. At all material times, Defendants had a duty to adhere to applicable laws and regulations promulgated by the United States Department of Transportation, Federal Motor Carrier Safety Administration, and the States of Oklahoma.

### **Defendant Yousany's Negligence, Negligence *Per Se*, and Recklessness**

23. On April 28, 2019, while utilizing the public roadways of the interstate, Defendant Yousany owed to plaintiff a duty to operate the Katy CMV with the degree of care required not to injure, maim, or harm plaintiff.

24. At all material times, Defendant Yousany was careless, negligent, negligent *per se*, wanton and reckless in the following respects:

   a. In failing to keep a proper lookout;

   b. In driving too fast for conditions and circumstances;

   c. In failing to stop, slow and/or swerve to avoid crashing into plaintiff after he knew, or by use of a reasonable degree of care could have known, that there was a reasonable likelihood of a collision;

   d. Failing to drive or operate his vehicle at a careful and prudent speed having due regard to the traffic and any other conditions then existing, in violation of 47 O.S. § 11-801;

   e. In failing to keep the Katy CMV under his control;

   f. In driving his vehicle at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead, in violation of 47 O.S. § 11-801(A);

   g. In following other vehicles on the highway too closely, in violation of 47 O.S. § 11-310;

   h. In failing to maintain a safe distance behind other vehicles;

   i. In failing to reduce speed to account for roadway, and/or traffic conditions;

   j. In failing to yield the right-of-way;

k.     In failing to apply his brakes properly;

l.     Failing to devote his full time and attention to driving, in violation of 47 O.S. § 11-901b;

m.    Failing to drive his vehicle in a single lane as required by 47 O.S. § 11-303 and 49 C.F.R. § 392.2;

n.     Failing to follow Oklahoma law on overtaking a vehicle on the left, in violation of 47 O.S. § 11-303

o.     In operating the Katy CMV when he was too impaired, fatigued and/or ill to operate the tractor-trailer safely;

p.     In operating the Katy CMV when he was inattentive to the traffic conditions, and/or when he was distracted; and

q.     In violating Federal Motor Carrier Safety Regulations and Oklahoma Statutes including, but not limited to:

    1.    49 C.F.R. § 383.111, which states that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

    2.    49 C.F.R. § 390.3, which states that every driver shall be instructed in and shall comply with all applicable Federal Motor Carrier Safety Regulations;

    3.    49 C.F.R. § 391.11, which states that a person shall not drive a commercial motor vehicle unless he is qualified under the regulations, which, among other things require that he can, by reason of experience or training, safely operate the type of commercial motor vehicle he drives, and that he is physically qualified to drive a commercial motor vehicle;

4. 49 C.F.R. § 392.2, which states that a commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated;

5. 49 C.F.R. § 392.3, which states that no driver shall operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle;

6. 49 C.F.R. §§ 392.80 & 392.82, which state that no driver shall engage in texting while driving, and that no driver shall use a hand-held mobile telephone while driving; and

7. 49 C.F.R § 395 which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service.

25. These regulations were designed and intended to protect a class of people that included plaintiff.

26. These regulations were designed and intended to prevent the injuries suffered by plaintiff.

27. Defendant Yousany's violation of these regulations proximately caused the injuries suffered by plaintiff.

28. Defendant Yousany's actions and omissions as set forth above were negligent and reckless and directly caused and directly contributed to cause the subject crash and the injuries to plaintiff.

29. The acts and/or omissions, singularly and collectively of Defendant Yousany, as described herein, were the result of the heedless and reckless disregard of the rights, safety, and welfare of plaintiff and the public. The acts and/or omissions of Defendant Yousany complained of herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm, and of which Defendant Yousany had actual, subjective

awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of plaintiff and the public. By reason of Defendant Yousany's acts and/or omissions, Plaintiff seeks recovery of punitive and/or exemplary damages.

**Defendants Katy and/or Lopez's Negligence, Negligence *Per Se*, and Recklessness**

30. Defendants Katy and/or Lopez are vicariously liable for the negligence of its employee, servant, and/or agent, Defendant Yousany.

31. Defendants Katy and/or Lopez are vicariously liable for the negligent conduct and recklessness of Defendant Yousany as set forth herein under the principles of agency and *respondeat superior*.

32. Defendants Katy and/or Lopez owed a duty of reasonable care to plaintiff in the hiring, training, supervision, and retention of its agents, servants and/or employees.

33. Defendants Katy and/or Lopez owed a duty of reasonable care to plaintiff in its entrustment of its vehicles and equipment to individuals.

34. Defendants Katy and/or Lopez owed a duty of reasonable care to plaintiff in the manner that it permits individuals to operate under Defendants Katy and/or Lopez's motor carrier authority.

35. Defendants Katy and/or Lopez were negligent, negligent *per se*, careless, and reckless in at least the following respects:

   a. In permitting Defendant Yousany to operate a commercial motor vehicle when he was not qualified to do so, and where Defendant Katy and/or Lopez knew or should have known that Defendant Yousany was not qualified to do so;

   b. In entrusting the Katy CMV to Defendant Yousany when Defendants Katy and/or Lopez knew or should have known that Defendant Yousany was an incompetent, reckless, unqualified, and/or dangerous driver;

c. In failing to adequately train, instruct, supervise and monitor Defendant Yousany concerning the safe operation of a tractor-trailer;

d. In failing to adequately train, instruct, supervise and monitor Defendant Yousany regarding keeping a proper lookout and look-ahead, space management, speed management, staying aware of his driving environment, anticipating hazards and avoiding distractions;

e. In hiring Defendant Yousany even though it knew or should have known that Defendant Yousany had inadequate experience, training, knowledge, and/or skill to safely operate and maintain a tractor-trailer;

f. In entrusting the Katy CMV to Defendant Yousany even though it knew or should have known that Yousany had inadequate experience, training, knowledge, and/or skill to safely operate the tractor-trailer;

g. In entrusting the Katy CMV to an individual who it knew or should have known had exhibited a pattern of negligence, incompetence, lack of concern for safety, and recklessness in the operation of motor vehicles; and

h. In continuing to retain Defendant Yousany and allowing him to operate the Katy CMV on the day of the crash when it knew or should have known that Yousany lacked the experience, training, knowledge, and/or skill to safely operate tractor-trailers.

i. In violating Federal Motor Carrier Safety Regulations and Oklahoma Statutes including, but not limited to:

   1. 49 C.F.R. § 393.111, which states that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

   2. 49 C.F.R. § 391.11, which states that a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle;

3. 49 C.F.R. § 390.3, which states that every employer of drivers must be knowledgeable of and comply with all regulations contained in the Federal Motor Carrier Safety Regulations that are applicable to its operations, and which states that every driver and employee of a motor carrier must be instructed regarding all applicable Federal Motor Carrier Safety Regulations;

4. 49 C.F.R. § 392.3, which states that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

5. 49 C.F.R. § 393.40, which states that each commercial motor vehicle must have brakes adequate to stop and hold the vehicle or combination of motor vehicles;

6. 49 C.F.R. § 393.52, which states that upon application of its service brakes, a motor vehicle or combination of motor vehicles must, under any condition of loading in which it is found on a public highway, be capable of developing a braking force, decelerating and stopping as specified by regulation, and that upon application of its emergency brake system and with no other braking system applied, a motor vehicle or combination of motor vehicles must, under any condition of loading in which it is found on a public highway, be capable of stopping as specified by regulation;

7. 49 C.F.R. § 396.3, which states that every motor carrier must systematically inspect, repair, and maintain all motor vehicles subject to its control, and that parts and accessories must be in safe and proper operating condition at all times;

8. 49 C.F.R. § 396.7, which states that a motor vehicle must not be operated in such a condition as to likely cause an accident of the vehicle; and

9. 49 C.F.R. §§ 392.80 & 392.82, which state that no motor carrier shall allow or require its drivers to engage in texting while driving; and that no motor carrier shall allow or require its drivers to use a hand-held mobile telephone while driving; and

10. 49 C.F.R § 395 which prohibits a motor carrier from allowing a driver to operate a commercial motor vehicle after the driver has reached the maximum hours of service.

36. These regulations were designed and intended to protect a class of people that included plaintiff.

37. These regulations were designed and intended to prevent the injuries suffered by plaintiff.

38. Defendants Katy and/or Lopez's violation of these regulations proximately caused the injuries suffered by plaintiff.

39. Based on Defendant Yousany's driving history, and inadequate experience, training, knowledge and/or skill, Defendants Katy and/or Lopez knew or should have known that Defendant Yousany's operation of a commercial motor vehicle created a high degree of probability of injury to other persons traveling in motor vehicles on public roadways.

40. Defendants Katy and/or Lopez knew or should have known Defendant Yousany was an unfit commercial motor vehicle driver.

41. Defendants Katy and/or Lopez's failure to reasonably hire, train, supervise, and retain Defendant Yousany and to entrust its commercial motor vehicle to Defendant Yousany directly caused or contributed to cause the collision and Plaintiffs' injuries.

42. Had Defendant Katy and/or Lopez used the care and skill exercised by a reasonable company under the same or similar circumstances, Defendant Yousany would not have been hired, would have been better trained, would have been better supervised and/or would not have been retained, and would not have been entrusted with the Katy CMV, and the subject crash would not have occurred.

43. Defendants Katy and/or Lopez's actions and omissions as set forth above were negligent and reckless and directly caused and/or directly contributed to cause the subject crash, the injuries of plaintiff.

44. The acts and/or omissions, singularly and collectively of Defendants Katy and/or Lopez, as described herein, were the result of the heedless and reckless disregard of the rights, safety, and welfare of Plaintiff and the public. The acts and/or omissions of Defendants Katy and/or Lopez complained of herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm, and of which Defendants Katy and/or Lopez had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of plaintiff and the public. By reason of Defendants Katy and/or Lopez's acts and/or omissions, Plaintiffs seek recovery of punitive and/or exemplary damages.

## COUNT I:
## PLAINTIFF'S PERSONAL INJURY

45. Plaintiff incorporates all previous allegations into this section.

46. The joint, combined, and/or concurrent negligent actions and/or omissions of Defendants' as described above, directly and proximately caused or contributed to cause Plaintiff the following injuries and damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Scarring and disfigurement in the past;

    h.    Scarring and disfigurement in the future;

    i.    Loss of earnings in the past;

    j.    Loss of earnings in the future;

    k.    Mental anguish in the past;

    l.    Mental anguish in the future;

    m.    Cost of medical monitoring and prevention in the future; and

    n.    Losses which are unknown at this time but which may become known prior to trial.

57. Defendants actions and omissions constitute and/or were the result of malice, gross negligence, and/or reckless indifference to the injurious consequences of such actions and omissions, which entitles plaintiff to recover for both actual and punitive damages for the reckless disregard of his rights.

58. Because Defendants engaged in grossly negligent, intentional, reckless and/or malicious conduct toward Plaintiff, Plaintiff is entitled to an award of exemplary and punitive damages against each Defendant separately pursuant to 23 Okl. St. § 9.1.

59. Defendants were aware of Federal Motor Carrier Safety Regulations pertaining to the safe operation of motor vehicles. Despite these mandates, Defendants committed the acts and omissions set forth herein.

60. Clearly and convincingly, the conduct of Defendants reveals a reckless disregard for the rights of others and demonstrates intent and malice. Therefore, damages should be granted for the sake of example in an amount in excess of $10,000.00.

WHEREFORE, for the reasons set forth above, Plaintiffs seek a judgment against the Defendants, and each of them, for an amount which is fair and reasonable in excess of

$10,000.00, and for punitive and exemplary damages together with their attorneys' fees and costs and interest herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact to the full extent of their rights under the Seventh Amendment of the Constitution and all applicable law.

Respectfully Submitted,

By: _____
Mark Wilson, OBA #21410
Mark E. Wilson Attorney at Law, PLLC
16328 Muirfield Place
Edmond, OK 73013
Telephone: (405) 525-1900
Facsimile: (888) 332-9386
markwilson@markwilsonlaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEYS LIEN CLAIMED**